**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**USMAN MOHAMMAD,
A# 088-688-698,**

       **Petitioner,**

**vs.**                          **CASE NO.  4:13cv274-RH/CAS**

**CHARLES W. CREEL, et al.,**

       **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Petitioner filed a pro se petition for writ of habeas corpus pursuant to § 2241 on

May 9, 2013.  Doc. 1.  "Petitioner contends that he is not subject to the mandatory

detention provisions" of 8 U.S.C. § 1226(c), and claims "that his detention without an

individualized bond hearing violates his due process rights under the Fifth Amendment

of the [C]onstitution of the United States."  Doc. 1 at 1.  On July 30, 2013, the

Government filed an Answer to the petition.  Doc. 14.  Petitioner has filed a Reply to the

Answer.  Doc. 18.

**Allegations of the Petition, doc. 1**

Petitioner is a "native of Qatar, but holds a citizenship of Pakistan."  Doc. 1 at 2.

He entered the United States on February 24, 2001, at ten years of age and adjusted

his status to Lawful Permanent Resident on December 3, 2008. *Id.* at 2-3. Petitioner

states that on October 24, 2011, he was convicted of Attempted Child Abuse and

sentenced to five years probation. *Id.* at 3. While on probation, Petitioner was directed

to report to his probation officer at which time he was arrested by two "ICE agents." *Id.*

at 3. Petitioner does not indicate the date of his arrest by ICE or specify the basis for

that arrest, but he does allege that he entered immigration custody on August 6, 2012.

Petitioner asserts that "an Immigration Judge in Miami, Florida" denied his request for

an individualized bond hearing on October 15, 2012. *Id.* at 2, 3.

To be clear, Petitioner is not challenging the validity of a removal order, nor is he

contesting a period of "indefinite" detention under Zadvydas v. Davis, 533 U.S. 678

(2001). Instead, Petitioner's challenge in this case is that the "mandatory detention

provisions" of § 1226(c) do not apply to him because Homeland Security officials

"waited over nine months after" Petitioner's criminal conviction for Attempted Child

Abuse[1] to detain him. *Id.* at 3. Petitioner claims his "continued detention without an

individualized bond hearing is not authorized under § 1226(c) and is in violation of his

procedural due process rights." *Id.* at 3, 4.

**The Answer, doc. 14**

Respondents advise that after Petitioner initiated this case on May 9, 2013, the

Board of Immigration Appeals denied Petitioner's appeal of the Immigration Judge's

decision on May 10, 2013, making his removal order final.[2] Doc. 14 at 2. Because the

---

[1] Petitioner was convicted on October 24, 2011, and sentenced to five years probation. Doc. 1 at 3.

[2] The BIA's decision was filed as Exhibit 1 to the Answer. That decision reveals that Petitioner appealed the Immigration Judge's January 8, 2013, decision denying

removal order is now final, Respondents contend that Petitioner "cannot challenge his detention under the pre-removal statute, and his claim is moot." *Id.* Furthermore, should Petitioner desire "to challenge his detention under the post-removal statute," Respondents contend the petition "is premature." *Id.*

**Petitioner's Reply, doc. 18**

Petitioner argues that even though he is currently detained under a different statute, it does not erase the "fact that the [P]etitioner was denied his due process rights and was detained illegally according to § 1226(c)." Doc. 18 at 2. Petitioner contends that he was injured by the mandatory detention and "pleads to the court that they shall hold the government responsible and grant petitioner relief." *Id.*

**Procedural Issue**

Petitioner advises in his Reply that he "previously filed a habeas petition in the Middle District Of Florida, Jacksonville Division under case no. 3:13-cv-291-J-20 MCR, challenging his unlawful mandatory detention under 8 U.S.C. § 1226(c) and seeking an individualized bond hearing." *Id.* at 1. Petitioner indicates he filed this case after being transferred out of that jurisdiction and detained in Wakulla County, in this Court's jurisdiction. *Id.* at 1-2.

The docket for the United States District Court for the Middle District of Florida reveals that Petitioner Usman Mohammad filed a Petition for Writ of Habeas Corpus on March 18, 2013, and paid the $ 5.00 filing fee. Doc. 1 of case number 3:13cv291. After

---

Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture. Doc. 14-1 at 4. The BIA concluded that Petitioner failed to "make a prima facie showing that" he would be "persecuted on the basis of his liberal Muslim beliefs or any other protected ground." *Id.* at 6.

Petitioner filed a notice of change of address, doc. 6, the court entered an order on April 26, 2013, transferring the case to the Northern District of Florida on the basis that venue is appropriate where the Petitioner is detained. Doc. 7 of that case. However, the order of transfer was returned to the court as undeliverable to Petitioner and it appears Petitioner was unaware of the transfer at the time he initiated this case on May 9, 2013.

After transfer, two other cases were opened for Petitioner in this Court besides the instant case. Case number 4:13cv256-RH/CAS was opened, but administratively closed on May 3, 2013, because it was a duplicate case and erroneously opened. Doc. 1 of case number 4:13cv256. Case number 4:13cv250-RH/GRJ was the transferred case from the Middle District, but it was subsequently dismissed as duplicative of this case. Docs. 12, of that case. As noted above, it appears Petitioner filed this case because he was unaware of the transfer.

**Analysis**

There are two reasons the petition must be dismissed. The first reason for dismissal is that Respondents' argument is correct that Petitioner's claim is moot because Petitioner is now held under a different statutory scheme. "The Petitioner's removal order, together with the dismissal of his appeal, have shifted the authority for his detention from the pre-removal order detention statute, Section 1226, to the statute governing post-removal order detention, Section 1231." Doc. 14 at 3. On May 9, 2013, when this case was initiated, Petitioner was detained pursuant to 8 U.S.C. § 1226(c) pending removal proceedings. The following day, however, his removal order became final and, thus, Petitioner is now detained under 8 U.S.C. § 1231. Respondents correctly point out that under De La Teja v. United States, 321 F.3d 1357, 1363 (11th

Cir. 2003), the issuance of a final removal order "fundamentally changes the procedural posture of the case" and renders the habeas petition moot.[3]  Doc. 14 at 4.  Because Petitioner is no longer held under the pre-removal statute, § 1226(c), but is now detained pursuant to the removal statute, § 1231, a decision from this Court concerning the prior period of detention would not provide Petitioner the habeas relief he seeks because his detention during the time this case has been pending is authorized under § 1231.

The second reason this case must be dismissed is one that was not addressed by the parties.  A court must always determine that it has jurisdiction over a controversy. Florida v. Thomas, 532 U.S. 774, 777, 121 S.Ct. 1905, 150 L.Ed.2d 1 (2001) (stating "[a]lthough the parties did not raise the issue in their briefs on the merits, we must first consider whether we have jurisdiction to decide this case").  The issue is whether the Court has jurisdiction to review this case in light of 8 U.S.C. § 1226(e).

Under the statutory provisions of § 1226,[4] the Attorney General may issue a warrant for an alien's arrest and detention "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Under § 1226(a), the

---

[3] The court in De La Teja addressed the narrow exception to the mootness doctrine, noting that "actions that are capable of repetition yet evading review applies only to the exceptional circumstance in which the same controversy will recur and there will be inadequate time to litigate it prior to its cessation."  321 F.3d at 1364, n.3 (citation omitted).  The court concluded the "exception does not apply because the controversy at issue in the district court's opinion necessarily cannot arise again, as De La Teja is now, and will be, subject to a final order of deportation."  Id.  Likewise, Petitioner is now subject to a final order of removal and his case does not fall within the exception.

[4] Petitioner was convicted of Attempted Child Abuse on October 24, 2011, doc. 14 at 2, and after his arrest by immigration officials, Petitioner was denied a bond hearing on October 15, 2012, on the Immigration Judge's finding that "Petitioner was subject to mandatory detention under § 1226(c)."  Id.

Attorney General "may continue to detain the arrested alien" or may release the alien on bond and certain required conditions, subject to the exception of § 1226(c).[5]  That statute, § 1226(c), the basis for the instant petition, provides:

> The Attorney General shall take into custody any alien who--
>
> > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> >
> > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> >
> > (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> >
> > (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

> However, § 1226(e) states:
>
> (e) Judicial review.  The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

---

[5] Notably, Petitioner is not attacking the constitutionality of the statutory provision under which he was initially detained and such a claim could not succeed as the Supreme Court upheld the constitutionality of § 1226(c) in <u>Demore v. Kim</u>, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), concluding that "[d]etention during removal proceedings is a constitutionally permissible part of that process."  His claim is that the mandatory detention provision could not be applied to him because nine months passed between his state conviction and his detention by ICE.  Doc. 1 at 3.

In <u>Demore v. Kim</u>, the Supreme Court rejected an argument by amicus in that case who argued "that respondent is contesting a 'decision by the Attorney General" to detain him under § 1226(c), and that, accordingly, no court may set aside that action.'" <u>Demore</u>, 538 U.S. at 516, 123 S.Ct. at 1714. The Court concluded that respondent's challenge was not to "a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Id.* "Rather, respondent challenges the statutory framework that permits his detention without bail." *Id.* at 517, 123 S.Ct. at 1714. This case, however, seeks to challenge a decision made concerning Petitioner's detention or release and is unlike the challenge brought in <u>Demore</u> to the constitutionality of the no bail provision of § 1226(c).

Further supporting that finding is the Supreme Court's citation in <u>Demore</u> to <u>Parra v. Perryman</u>, 172 F.3d 954 (7th Cir. 1999) (reaffirming "that once deportation proceedings have begun an alien's detention is constitutional" and upholding the constitutionality of § 1226(c)). The Seventh Circuit explained that the "first sentence of § 1226(e) precludes judicial review of the Attorney General's decision to apply § 1226(c)(1) to Parra; the second sentence precludes review of the Attorney General's decision to deem Parra ineligible for release under § 1226(c)(2) (or any other source of authority to grant bail)." <u>Parra</u>, 172 F.3d at 957. "Two particular avenues of attack have been cut off by § 1226(e)." *Id.* "A person who has different legal arguments may present them." *Id.* The Seventh Circuit concluded, and the Supreme Court agreed, that the "statute does not purport to foreclose challenges to § 1226(c) itself, as opposed to decisions implementing that subsection." *Id.* In other words, § 1226(e) "deals with

challenges to operational decisions, rather than to the legislation establishing the framework for those decisions."  *Id.*

> Section 1226(c) authorizes detention by the Executive Branch without trial, and it is easy to imagine cases-for example, claims by persons detained under § 1226(c) who say that they are citizens rather than aliens, who contend that they have not been convicted of one of the felonies that authorizes removal, or who are detained indefinitely because the nations of which they are citizens will not take them back-in which resort to the Great Writ may be appropriate.

*Id.*  As Parra and Demore explain, the statute bars review of decisions concerning detention or release, but it does "not bar review of challenges to the statute under which those claims were made."  *Id.* at 957.

This case does not challenge the statute but an operational decision made pursuant to the statute that Petitioner must be detained and no bond hearing is required.  That is a challenge which is barred.  It is a bar has been applied in the Eleventh Circuit, *see* United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (vacating Velasquez's sentence and noting the district court lacked authority pursuant to § 1226(e) to overturn "the IJ's decision to release Velasquez on bond pending his immigration proceedings."), and it must be applied here.  *See also* Hyacinthe v. United States AG, 215 F. App'x 856, 862, n.7 (11th Cir. 2007) (unpublished opinion) (finding that pursuant to § 1226(e), the court "lack[ed] jurisdiction over Hyacinthe's claim that the IJ denied him due process in 'failing to adequately consider' whether Hyacinthe was entitled to pre-trial bond."); Douglas v. Mukasey, Case No. 2:08-cv-272-FtM-99DNF, 2008 WL 3889737, 2 (M.D. Fla. Aug. 20, 2008) (holding that under the "plain language" of § 1226(e), "the court lack[ed] jurisdiction to review this detention decision.").  This petition must be dismissed for lack of jurisdiction.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, doc. 1, be **DISMISSED** for lack of jurisdiction and because the claim is moot by virtue of Petitioner's final order of removal.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2013.


  S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**